UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Anthony McClendon El,

        Plaintiff,        Case No. 23-10739

v.        Judith E. Levy
        United States District Judge

Heidi Washington, et al.,

        Mag. Judge Curtis Ivy, Jr.

        Defendants.

_____/

**ORDER ON CERTAIN PENDING MOTIONS [2, 8, 16, 21, 23]
AND STAYING THE CASE FOR 30 DAYS**

Plaintiff Anthony McClendon El, a state prisoner in custody of the Michigan Department of Corrections, filed a *pro se* civil rights complaint against fifteen Defendants. (ECF No. 1.) Plaintiff is currently incarcerated for two non-sex-based offenses. (*Id.* at PageID.1.) He was previously convicted of third-degree criminal sexual conduct ("CSC-III"), but he alleges that his sentence in that case became inactive in 1999. (*See id.* at PageID.1–2.) In his complaint, Plaintiff alleges that the Michigan Parole Board, in reliance on his prior conviction for CSC-III, is improperly classifying him as a sex offender and refusing to grant him

parole for his two current offenses unless he participates in the Michigan Sex Offender Program. (*See id.* at PageID.2, 5–13.) The complaint includes a single claim against all Defendants under 42 U.S.C. § 1983 for violations of procedural due process under the 14th Amendment. (*Id.* at PageID.8–13.) Plaintiff seeks declaratory relief, certain injunctive relief, and damages. (*Id.* at PageID.13–14.)

Presently before the Court are five of the seven pending motions in this case. For the reasons set forth below, Plaintiff's motion for the appointment of counsel (ECF No. 2) and motion for an extension of time (ECF No. 21) are GRANTED; Plaintiff's motion for service of summons (ECF No. 8) and initial motion for preliminary injunction (ECF No. 16) are DENIED as MOOT; and Plaintiff's motion to strike (ECF No. 23) is DENIED.

## I.  Motion for the Appointment of Counsel

Plaintiff filed a motion for the appointment of counsel concurrently with his complaint. (ECF No. 2). In his motion, Plaintiff asserts that he is unable to afford counsel, is unexperienced in legal matters, and that counsel is necessary to assist him with the complex factual, constitutional, and legal issues involved in this case. (*See id.*, PageID.45–

2

46.) He also indicates that attorney Frank Lawrence, Jr. has expressed a willingness to represent Plaintiff in this case. (*Id.* at PageID.45.) Plaintiff further notes that Lawrence has previously litigated a similar case in this district, *Harper v. Arkesteyn*, No. 19-11106 (E.D. Mich. Mar. 6, 2023). (*See* ECF No. 2, PageID.47.) Subsequent filings from Plaintiff indicate that he remains in communication with Lawrence regarding this case. (*See* ECF No. 21, PageID.248; ECF No. 23, PageID.257.)

Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Unlike in criminal cases, "'[a]ppointment of counsel in a civil case is not a constitutional right' but 'a privilege that is justified only by exceptional circumstances.'" *Bryant v. McDonough*, 72 F.4th 149, 152 (6th Cir. 2023) (quoting *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993)). "In determining whether an appointment is warranted, courts must consider whether the litigant has demonstrated that he is indigent, in addition to evaluating the type of case, the complexity of the factual and legal issues involved, and the ability of the litigant to represent himself." *Garzon v. De Hoffman*, No. 2:21-CV-10340, 2021 WL 1259462, at *1 (E.D. Mich. Apr. 6, 2021) (citing *Lavado*, 992 F.2d at 606). "In addition, as a general rule,

3

appointment of counsel in a civil case is inappropriate when a litigant's claims are frivolous or have a slim chance of success." *Id.*

The Court concludes that appointment of counsel is warranted in this case. While Plaintiff paid the filing fee, he indicates in his motion that he is unable to afford an attorney. (*See* ECF No. 2, PageID.45.) The Court's initial review of the complaint and *Harper* suggests that Plaintiff's claim is not frivolous. *See Harper v. Arkesteyn*, No. 19-1928, 2020 WL 4877518, at *3 (6th Cir. Apr. 28, 2020) (holding that the district court erred in summarily dismissing the plaintiff's "claim that his procedural-due-process rights were violated when the defendants classified him as a sex offender"). In fact, the case appears to raise complex and novel legal issues that have yet to be resolved in the Sixth Circuit. *See id.* (noting that "[t]his circuit has not addressed the question of whether a prisoner has a liberty interest in not being classified as a sex offender"). As a result, there is limited legal precedent on which Plaintiff could rely to develop his arguments without assistance from counsel. Moreover, Plaintiff notes in his motion that he requires certain documentary evidence to develop his case that prison officials have refused to give him previously due to security concerns. (ECF No. 2,

PageID.46.) Such limitations on discovery could inhibit Plaintiff's ability to represent himself but may be resolved through the appointment of counsel.

Accordingly, the Court grants Plaintiff's motion for the appointment of counsel. The Court will stay this case for 30 days to allow the Court's pro se case administrator to attempt to secure the appointment of Lawrence or other pro bono counsel for Plaintiff.

## II. Motion for Service of Summons

On or about June 4, 2023, Plaintiff filed a motion for service of the summons by the United States Marshals pursuant to Federal Rule of Civil Procedure 4(c)(3).[1] (ECF No. 8.) However, the Court subsequently received waivers of the service of summons for each Defendant signed by attorney Allan J. Soros. (*See* ECF No. 13.) Attorneys Keith Clark and Joshua S. Smith subsequently entered appearances on behalf of all Defendants. (ECF Nos. 14, 19.) On October 16, 2023, Defendants filed a

---

[1] On April 12, 2023, the Court instructed Plaintiff to "notify the Court whether he is requesting service via the U.S. Marshalls under Rule 4(c)(3) or if he intends to arrange for service himself pursuant to Rule 4(c)(1) no later than Friday, May 12, 2023." (ECF No. 4, PageID.51.)

5

motion to dismiss. (ECF No. 20.) Defendants' motion does not contest service of process. (*See generally id.*)

Accordingly, Plaintiff's motion for service of the summons is denied as moot.

### III. Motion for Preliminary Injunction

On September 15, 2023, the Court received Plaintiff's motion for a preliminary injunction. (ECF No. 16.) In his motion, Plaintiff seeks an order requiring Defendants provide: (i) written notice that prison officials are classifying Plaintiff as a sex offender and/or placing him in a sex offender treatment program; (ii) a hearing complying with certain procedural protections; and (iii) a rehearing before the Michigan Parole Board subject to certain restrictions. (*Id.* at PageID.125–126.) On September 22, 2023, the Court received another copy of Plaintiff's motion for a preliminary injunction. (ECF No. 17.) The second copy of Plaintiff's motion seeks the same relief and appears to be substantively identical to the first copy of Plaintiff's motion. (*See id.* at PageID.133–134.)

Accordingly, Plaintiff's initial motion for a preliminary injunction is denied as moot.

## IV. Motion for an Extension of Time

On October 15, 2023, Plaintiff filed a motion requesting a copy of Defendants' response to his motion for a preliminary injunction and additional time to file a reply.[2] (*See* ECF No. 21.) In response to this motion, Defendants state: "MDOC Defendants have no objection to this Court granting Plaintiff an extension of the time to file his reply to Defendants['] response in opposition to Plaintiff's motion for preliminary injunction and to file a response to MDOC Defendants' motion to dismiss in this case." On November 13, 2023, Plaintiff filed a "Reply Motion, Motion to Strike[,] Motion to Deny." (*See* ECF No. 23, PageID.256–257.) As such, the Court finds good cause to extend the deadline for Plaintiff to respond to November 13, 2023. *See* Fed. R. Civ. P. 6(b)(1)(A).

Accordingly, the Court grants Plaintiff's motion for an extension of time. Because the Court is staying this case for 30 days to attempt to secure pro bono counsel for Plaintiff, the Court will set a schedule for any additional briefing on the outstanding motions when it lifts the stay.

---

[2] To the extent Plaintiff's motion requests sanctions against Defendants' counsel (*see* ECF No. 21, PageID.248–249), Plaintiff's request is improper. Federal Rule of Civil Procedure 11(c)(2) provides that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."

## V. Motion to Strike

Plaintiff's most recent filing requests that the Court strike Defendants' response to his motion for a preliminary injunction and Defendants' motion to dismiss based on improper service.[3] (*See* ECF No. 23, PageID.256–257.) Under Federal Rule of Civil Procedure 5(b)(2)(C), service of a filing may be made by "mailing it to the person's last known address—in which event service is complete upon mailing." Here, Defendants indicate that they originally mailed Plaintiff a copy of their response to his motion for a preliminary injunction on October 5, 2023 and a copy of their motion to dismiss on October 16, 2023. (ECF No. 22, PageID.253.) Defendants mailed additional copies of these filings to Plaintiff on October 25, 2023. (*Id.*) Plaintiff has now responded to Defendants' filings. (*See generally* ECF No. 23.) And because the Court grants Plaintiff's motion for an extension of time, the Court will consider Plaintiff's response as timely. Thus, any delay by Defendants in timely serving these filings has not prejudiced Plaintiff.

---

[3] The Court notes that, under Eastern District of Michigan Local Rule 7.1(i), "[m]otions must not be combined with any other stand-alone document," such as a response or reply. If the Court is unable to secure pro bono counsel and Plaintiff proceeds pro se, he should be mindful of this restriction in future filings with the Court.

Accordingly, the Court denies Plaintiff's motion to strike.

## VI. Conclusion

For the reasons set forth above, Plaintiff's motion for the appointment of counsel (ECF No. 2) is **GRANTED**. The case will be referred to the Court's pro se case administrator. If Frank Lawrence Jr. or another attorney agrees to represent Plaintiff in this case, an order of appointment will be entered.

The case is **STAYED** for a period of 30 days, while the Court attempts to obtain pro bono counsel. If pro bono counsel is not obtained within 30 days, the stay will be lifted, and Plaintiff will proceed pro se.

Plaintiff's motion for service of summons (ECF No. 8) and initial motion for preliminary injunction (ECF No. 16) are **DENIED** as **MOOT**. Plaintiff's motion for an extension of time (ECF No. 21) is **GRANTED**. Plaintiff's motion to strike (ECF No. 23) is **DENIED**.

IT IS SO ORDERED.

Dated: November 21, 2023　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

9

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 21, 2023.

                                          s/William Barkholz
                                          WILLIAM BARKHOLZ
                                          Case Manager